**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**VANESSA L. TELFORD,**

**Plaintiff,**

**v.** **Case No. 26-CV-1375**

**MICHELLE PARKER MOORE,**

**Defendant.**

---

# ORDER

---

Currently pending before the court is plaintiff Vanessa Telford's Request to Proceed in District Court without Prepaying the Filing Fee. (ECF No. 2.) Having reviewed Telford's request, the court concludes that Telford lacks the financial resources to prepay the fees and costs associated with this action. Therefore, Telford's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

Because the court is granting Telford's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

**1. Legal Standards**

Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v.*

*Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it is obligated to determine that the case (1) is not frivolous or malicious, (2) does not fail to state a claim upon which relief may be granted, and (3) does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless

legal theory." *Id.* at 32–33. A court may not dismiss a claim as frivolous "simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33.

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether or not a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded, non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**2. Factual Allegations**

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in Telford's complaint. The complaint centers around events that occurred at the Young Women's Christian Association (YWCA), a non-profit organization that offers programing to empower women. *Frequently Asked Questions*, YWCA (2026), https://www.ywca.org/who-we-are/faqs [hereinafter *FAQs*]. Telford identifies the defendant, Michelle Parker Moore, as "Security for YWCA." (ECF No. 1 at 2.) Telford asserts that Moore and another person, "Ms. Vior," assaulted her with pepper spray while she was five months pregnant and a YWCA patron. (*Id.* at 2.) The alleged assault caused Telford injuries. (*Id.*)

For relief, Telford requests "remedy justification at a hearing." (*Id.*)

**3. Analysis**

There are two ways for the Eastern District of Wisconsin to have subject matter jurisdiction over Telford's claim. First, this court has jurisdiction over federal claims. 28

U.S.C. § 1331. Second, this court has jurisdiction over state law claims when there is complete diversity of citizenship between the parties. 28 U.S.C. §§ 1332, 1367(a).

Telford alleged constitutional violations relating to an assault. (ECF No. 1 at 2.) Section 1983 claims are civil actions for deprivation of rights, such as through an assault. *See* 42 U.S.C. 1983. However, Section 1983 claims require that the defendants acted under color of state law. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936 (1982). In other words, the defendant must be the government—not a private entity. Telford alleges that the two parties mentioned in the complaint, Moore and Ms. Vior, each work for the YWCA, as a security guard and a counselor, respectively. (ECF No. 1 at 2.) The YWCA is a nonprofit organization (see *FAQs*, *supra*) and therefore a private entity. Assuming Moore and Ms. Vior acted within the scope of their employment during the alleged assault, they acted on behalf of a private entity. Telford's complaint does not allege state action and she is precluded from bringing a Section 1983 claim.

Telford does not identify where defendant Moore or Ms. Vior reside or of which state they are citizens. The court therefore cannot determine whether the case may qualify for jurisdiction based on the parties' diversity of citizenship. *See* § 1332. Although Telford indicated that she is a citizen of the United States, she provided a Wisconsin address. Assuming Telford is a Wisconsin citizen, she may only proceed under diversity if the defendants are not Wisconsin citizens and Telford alleges an amount in controversy over $75,000 exclusive of interest and costs. *See id.*

Telford alleges she was assaulted, which is a plausible violation of Wisconsin law. Federal courts can preside over state law claims like these only in limited circumstances that Telford has not satisfied here. *See International Union of Operating Engineers, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (observing that federal district courts are "courts of limited jurisdiction" that may entertain cases only where jurisdiction is authorized by the Constitution or by federal statute).

Even liberally construing Telford's complaint, she has failed to state a claim upon which relief may be granted in this court. The Seventh Circuit Court of Appeals has emphasized that the district court generally should afford a plaintiff at least one opportunity to amend the complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). The court will allow Telford to file an amended complaint if she wishes to proceed with a federal action against Moore and/or Ms. Vior. If she files an amended complaint, it will replace the prior complaint and must be complete without reference to the original complaint. *See Reid v. Payne*, 841 F. App'x 1001, 1002 (7th Cir. 2021).

**4. Conclusion**

**IT IS THEREFORE ORDERED** that Telford's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that Telford must file an amended complaint with the court no later than **September 4, 2026. <u>If Telford fails to do so the court will recommend that her complaint be dismissed.</u>**

**IT IS FURTHER ORDERED** that all of Telford's filings with the court shall be uploaded to the electronic filing system or mailed to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

Telford should also retain a personal copy of each document.

Telford is further advised that failure to comply with all deadlines in this matter may have serious consequences, up to and including the loss of certain rights or the dismissal of this entire action.

In addition, Telford must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 13th day of August, 2026.

WILLIAM E. DUFFIN
U.S. Magistrate Judge