**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**VANESSA L. TELFORD,**

**Plaintiff,**

**v.** **Case No. 26-CV-1375**

**MICHELLE PARKER MOORE, and VIOR,**

**Defendants.**

---

# RECOMMENDATION AND ORDER

---

Vanessa Telford filed an amended complaint after her Request to Proceed in District Court without Prepaying the Filing Fee was granted but her first complaint was determined to be legally insufficient to proceed. (ECF No. 5.)

The court will now screen Telford's amended complaint (ECF No. 6) to determine if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

## 1. Factual Allegations

The amended complaint centers around events that occurred at the Young Women's Christian Association (YWCA), a non-profit organization that offers

programing to empower women. *Frequently Asked Questions*, YWCA (2026), https://www.ywca.org/who-we-are/faqs [hereinafter *FAQs*]. In the amended complaint, Telford does not clarify who defendants Michelle Parker Moore and Vior are. However, because Telford alleges that the defendants brought her to "her" office (the amended complaint does not say whether the office was Moore's or Vior's), presumably they work for the YWCA. (ECF No. 6 at 2.) Telford asserts that the defendants made a private agreement to deprive Telford of government resources when they arranged to bring Telford to an office to fill out paperwork. (ECF No. 6 at 2.) Bringing Telford to this office resulted in her being detained and assaulted with pepper spray while she was five months pregnant. (ECF No. 6 at 2.) The alleged assault caused Telford and her unborn child injuries. (ECF No. 6 at 3.)

For relief, Telford requests money damages for pain and suffering. (ECF No. 6 at 4.)

**2. Analysis**

There are two ways for the Eastern District of Wisconsin to have subject matter jurisdiction over Telford's claim. First, this court has jurisdiction over federal claims. 28 U.S.C. § 1331. Second, this court has jurisdiction over state law claims when there is complete diversity of citizenship between the parties and the amount in dispute exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332, 1367(a).

Telford seemingly alleges constitutional violations relating to an assault. (ECF No. 6 at 2.) Federal courts have jurisdiction over claims alleging constitutional violations. *See* 42 U.S.C. 1983. However, Section 1983 claims require that the defendants acted under color of state law. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936 (1982). In other words, the defendant must be the government—not a private entity. Telford failed to allege that either defendant worked for the government. (ECF No. 6.) The YWCA is a non-profit entity (*FAQs supra*), and therefore a private, non-governmental entity.

Although the police were mentioned, nothing in the amended complaint alleges that the police were responsible for the assault. (ECF. No. 6 at 2.) Assuming that both Moore and Vior work for the YWCA, Telford's amended complaint does not allege state action and she is therefore precluded from bringing a Section 1983 claim in federal court.

Nor does Telford identify where defendants Moore or Vior reside or of which state they are citizens. The court therefore cannot determine whether the case may qualify for jurisdiction based on the parties' diversity of citizenship. *See* § 1332. Although Telford did not provide her state citizenship, she provided a Wisconsin address. (ECF No. 6 at 1.) Assuming Telford is a Wisconsin citizen, she may only proceed on the basis of diversity of citizenship if neither defendant is a Wisconsin citizen and the amount in controversy is over $75,000, exclusive of interest and costs. *See* § 1332.

Even liberally construing Telford's amended complaint, she has failed to state a claim upon which relief may be granted in this court. Because Telford failed to state a claim in her amended complaint, she will not be given another chance to amend her complaint.

**3. Conclusion**

In sum, Telford has failed to state a claim upon which relief can be granted in the district court. Because not all parties have had the opportunity to consent to the jurisdiction of a magistrate judge, the Clerk of Court will randomly assign the case to a district judge for consideration of this court's recommendation that the action be dismissed. *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017) (holding that a magistrate judge cannot "resolve the case finally" "unless all parties to the action have consented to the magistrate judge's authority").

**IT IS THEREFORE RECOMMENDED** that Telford's amended complaint and this action be dismissed.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

[Signature Page Follows]

Dated at Milwaukee, Wisconsin this 15th day of September, 2026.

WILLIAM E. DUFFIN
U.S. Magistrate Judge